**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0157n.06
Filed: February 23, 2009

No. 07-1181

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Rodney Allen Franks, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| John S. Rubitschun, et al., | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, MOORE, and COLE, Circuit Judges.

**MERRITT, Circuit Judge.**    Rodney Franks, a prisoner in the Michigan penal system, brought suit under 42 U.S.C. § 1983 against the seven members of the Michigan Parole Board, alleging that their decisions to deny him parole had violated several of his constitutional rights. Before defendants had been served, the district court dismissed the case under the Prison Litigation Reform Act for failure to state a claim.[1]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  On appeal, Franks abandons most of his claims and argues only that his complaint adequately states an equal protection violation under the "class of one" theory.  Because the district court failed to consider the

---

[1] Because defendants were never served, they did not submit a brief or appear at oral argument on appeal.

applicability of the class-of-one theory of equal protection, we reverse and remand for further consideration.

**Background**

On October 14, 1999, Franks, who was eighteen at the time, pleaded guilty to first-degree criminal sexual misconduct. He had grown up in foster homes and been the victim of sexual abuse before being adopted into the Franks family as a teenager. After adoption, he engaged in sexual misconduct with his adoptive brother, who was nine years old at the time. On November 4, 1999, Franks was sentenced to 42 to 140 months' imprisonment. The judge explained that the sentence, which was lower than the one recommended by the Michigan Department of Corrections or by the sentencing guidelines, was based on his consideration of Franks's age, personal history, and lack of criminal record; by psychiatric reports indicating that Franks was a good candidate for therapy and rehabilitation; and by a Victim Impact Statement submitted by his adoptive parents asking that Franks receive help and not be punished too harshly.

On May 19, 2002, Franks received his first parole hearing, and the Board denied his parole. In each of the next four years, the Board again considered and denied his parole. Each time, the Board justified its decision by referring to the nature of Franks's crime: that it had involved sexual misconduct, that it had violated a position of trust or authority, that the victim was a family member and a minor, and that it demonstrated pedophilic tendencies. In four of the five statements concerning denial (all but the 2004 statement), the Board also cited "Correctional Adjustment" as a reason for denying parole, referring to "misconducts" that Franks had received while imprisoned.

The Board's 2006 statement concerning denial also cited Franks's "long standing" "history of substance abuse" as a reason for denying parole.

On October 23, 2006, Franks filed a pro se complaint against the members of the Michigan Parole Board, asserting that defendants had arbitrarily denied him parole and used false information as a pretextual justification for what was in fact animus against him. Franks disputes the Parole Board's claims that he has received any significant misconduct citations or has any history of substance abuse. The complaint asks for "injunctive relief, or other appropriate relief as will compel and/or require Defendants to afford Plaintiff with fair and meaningful parole review," as well as "monetary punitive and compensatory damages."

Before the complaint had been served on defendants, the District Court referred the complaint to a magistrate judge for recommendations. Pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A, the magistrate recommended that Franks's complaint be dismissed for failure to state a claim upon which relief can be granted. In relevant part, the magistrate concluded that Franks had failed to state an equal protection violation because he had not alleged that he was a member of a protected class. Over Franks's written objections, *see* 28 U.S.C. § 636(b)(1)(c), the district court adopted the report and dismissed the complaint. This timely appeal followed.

**Discussion**

Franks, represented on appeal by appointed counsel, contends that his complaint states an equal protection violation under the "class of one" theory. We agree that the District Court clearly erred when it adopted the magistrate's view that an equal protection claim cannot be made out unless the plaintiff alleges membership in a protected class. As we have explained, the Equal Protection

Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio*, 430 F.3d 783, 788 (6th Cir. 2005). Membership in a protected class triggers heightened review, which is frequently determinative of success on the merits; but it should not be mistaken for a prerequisite to stating a claim in the first place. Because the district court never considered the applicability of the class-of-one theory of equal protection — the only issue we have before us — we reverse and remand for further consideration.

The Supreme Court recognized the viability of class-of-one claims[2] in *Village of Willowbrook v. Olech*, noting that the Equal Protection Clause's purpose "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." 528 U.S. 562, 564 (2000) (per curiam) (quotations omitted). In *Olech*, the Court laid out the basic requirements for a valid class-of-one claim: a plaintiff must allege "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*[3]

---

[2]Although such claims are typically referred to as class-of-one claims, there is no requirement that the challenged government action single out one solitary person. As the Court explained in *Olech*, "[w]hether the complaint alleges a class of one or of five is of no consequence because we conclude that the number of individuals in a class is immaterial for equal protection analysis." 528 U.S. at 564 n.*.

[3]More recently, *Engquist v. Oregon Department of Agriculture* held that the "'class of one' theory of equal protection has no place in the public employment context." 128 S.Ct. 2146, 2148-49 (2008). Some courts have read *Engquist* broadly to suggest that individualized, discretionary decisions can rarely, if ever, be challenged in class-of-one actions. *See*, *e.g.*, *United States v. Moore*, 543 F.3d 891, 900-01 (7th Cir. 2008); *Adams v. Meloy*, 287 F. App'x 531, 534 (7th Cir. 2008). But *Engquist*'s holding was specifically limited to the public-employment context, the concerns of which the Court described as "unique." *Engquist*, 128 S.Ct. at 2156, 2151. And its reliance on the "crucial difference" between government acting as sovereign and government acting as employer, *id*. At 2151, suggests that *Engquist*'s

As we understand it, Franks's argument on appeal is that his complaint, leniently construed, states a class-of-one claim as follows: Michigan's policies do not permit members of the parole board knowingly to insert falsified information into a prisoner's parole file, nor do they permit members to base a denial of parole on such information. The parole board has deviated from this policy, however, in its treatment of Franks, and it has done so on the basis of personal animus, rather than on any rational basis.

The district court should consider whether Franks has stated a valid class-of-one equal protection claim.

**Conclusion**

For these reasons, the decision of the district court is REVERSED and the case is REMANDED for further proceedings.

---

discussion of discretionary decisionmaking should not control the case at hand.